**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| KRISTY L. MCCARDLE,<br><br>Plaintiff,<br><br>v.<br><br>LELAND DUDEK,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | 2:24-cv-1394 |

**<u>ORDER</u>**

Administrative Law Judge Joanna Papazekos found Plaintiff Kristy McCardle not disabled. Ms. McCardle appeals that order. On substantial-evidence review, *see Schaudeck v. Comm'r of Soc. Sec. Admin.*, 181 F.3d 429, 431 (3d Cir. 1999), the Court affirms.

Ms. McCardle raises five issues in her principal brief, which the Court addresses, in turn.

**<u>Issue 1</u>**: "The ALJ erred by disregarding without explanation at step three of the sequential evaluation process, Plaintiff's depression, anxiety and post-traumatic stress disorder, which the ALJ had a duty to analyze according to Listings 12.04, 12.06 and 12.15." ECF 9 at 3.

The Court finds no error by the ALJ at Step 3. At Step 2, the ALJ expressly found two impairments: Barrett's esophagus and ADD. She then analyzed those at Step 3 under the appropriate Listings. She correctly found that Ms. McCardle's other diagnoses of depression, anxiety, and PTSD post-dated the relevant time period, so she correctly did not analyze those impairments at Step 3.[1] *See* ECF 4-2 at 21 ("The severity of the claimant's mental impairment, specifically ADD or ADHD does not

[1] This issue is related to the remaining issues—the ALJ's rejection of Dr. Last's medical source opinions.

meet or medically equal the criteria of listing 12.11. This is the only [mental] impairment diagnosed and documented during the period at issue.”).

**Issue 2**: “The ALJ erred by failing to properly explain her reasoning for the supportability factors in Dr. Last’s medical source opinions in derogation of 20 C.F.R. § 416.920c(c)(1).” ECF 9 at 3.

**Issue 3:** “The ALJ erred by not properly analyzing and explaining her reasoning for the consistency factor in Dr. Last’s medical source opinions with other medical source opinions in the record and non-medical sources, in derogation of 20 C.F.R. § 416.920c(c)(2).” *Id.*

The Court analyzes Issues 2 and 3 together, as they go to the supportability and consistency of Dr. Last’s medical source opinions, as well as the ALJ’s RFC finding.

The ALJ found that the medical evidence showed that Ms. McCardle was “capable of light exertion with limitations in social functioning and limiting her to unskilled work.” ECF 4-2 at 28. In so finding, the ALJ found that Dr. Last’s opinions as to Ms. McCardle’s mental impairments, where he concluded she could basically do no work, were unpersuasive. *Id.*

The Court finds that these findings are supported by substantial evidence in the record, and that the ALJ’s rejection of Dr. Last’s opinions was explained, supported, and consistent with the evidence as a whole.

For example, the ALJ found that Dr. Last’s “own office notes show completely normal mental status examinations throughout the period at issue, with no medication changes or recommendation for further inpatient treatment or intensive outpatient or partial hospitalization treatment. The symptoms reported are also not consistent with the reported GAF of 45, though that measure is no longer in use. That GAF, when it was in use, represented serious limitations but did not preclude all work activity. They are also not consistent with the claimant’s presentation during

the mental status exam with Dr. Deines or the internal medicine examination with Dr. Goodyear. Moreover, the only findings regarding presentation are gastroenterology records describing the claimant as somewhat anxious but not displaying symptoms to the degree that Dr. Last is reporting. The claimant's representative submitted what is labeled as an addendum, but it does not really clarify why Dr. Last's mental status exams have been entirely normal during the period at issue." ECF 4-2 at 28.

All of this serves as substantial evidence, explaining why Dr. Last's opinions were unpersuasive, and that the alleged mental impairments were not sufficiently severe.

**Issue 4**: "The ALJ erred in her RFC analysis at step five of the sequential evaluation process by not submitting any moderate mental limitations in Plaintiff's ability to concentrate, persist or maintain pace in the hypotheticals submitted to the vocational expert by the ALJ, which makes the ALJ's RFC analysis not based on substantial evidence." ECF 9 at 3.

Although this is couched as a Step 5 challenge, Ms. McCardle essentially challenges the ALJ's RFC finding that she could do light work that involved some degree of concentration and pace. Substantial evidence supports this finding.

The ALJ explained how the objective findings from Drs. Goodyear and Deines and Nurse Farina-Mazur supported her RFC finding. ECF 4-2 21–29. The ALJ discussed that in January 2022, Nurse Farina-Mazur described Ms. McCardle as slightly anxious but interacting appropriately and not in acute distress. *Id.* at 24. And in April 2023, Ms. McCardle was pale but well-nourished and in no distress. *Id.*

The report from Dr. Goodyear showed unremarkable mental-status findings and Ms. McCardle's ability to complete tasks independently. *Id.* at 26–27; ECF 4-7. She reported to Dr. Goodyear that she lived alone, required no help maintaining her

activities of daily living, was independent in self-care, shopped online, and listened to the radio and interacted on various online social media sites. ECF 4-2 at 21, 26.

Dr. Deines reported similar findings, including that Ms. McCardle had no deficits of attention or concentration, could answer arithmetic questions, could make change and perform serial subtractions by seven from one hundred, and exhibited normal memory and recall. *Id.* at 26; ECF 4-7 at 53–58.

The ALJ also recognized Ms. McCardle's testimony that she had medication that helped with her symptoms of stress and that her counselor worked with her on ways to reduce her stress. ECF 4-2 at 22. The ALJ also considered the evidence that Ms. McCardle worked part-time as a cleaner, including during the relevant period. *Id.*

In the end, while reasonable minds can differ, the ALJ's RFC finding was supported by substantial evidence.

**Issue 5**: "The ALJ's decision is not based on substantial evidence." ECF 9 at 3.

Ms. McCardle does not elaborate on this particular issue. As discussed above, the Court finds that the ALJ's decision was supported by substantial evidence as it pertains to the other assignments of error she raised.

******

For these reasons, the decision of the ALJ is **AFFIRMED**. The Clerk of this Court shall mark this case as **CLOSED**.

DATED this 17th day of August, 2026.

BY THE COURT:

/s/ J. Nicholas Ranjan
United States District Judge